IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEMYAH WASHINGTON, SR.,** | : | Civil No. 1:15-CV-849 |
| | : | |
| **Plaintiff** | : | |
| | : | **(Judge Kane)** |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| | : | |
| **U.S.P. CANAAN KITCHEN/ FBOP,** | : | |
| | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION

**I.    Statement of Facts and of the Case**

The plaintiff is a federal prisoner who was formerly housed in the United States Penitentiary, Canaan. Liberally construed, in his complaint the plaintiff brought a Bivens[1] constitutional tort action against an entity he describes as "U.S.P. Canaan kitchen/FBOP," alleging that the defendant violated his constitutional right under the Eighth Amendment to be free from cruel and unusual punishment. (Doc. 1.) The plaintiff's *pro se* complaint suggested that, in June of 2011, the prison served inmates chicken fajitas. (Doc. 1.) According to the plaintiff, the chicken was bad, and was

---

[1] Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

1

tainted with salmonella bacteria. (Id.) Consequently, the plaintiff contracted food poisoning, and suffered excruciating pain and symptoms which included headaches, diarrhea, abdominal pains, nausea, chills, vomiting, inability to eat and profuse sweating. (Id.) Along with this complaint, the plaintiff has filed a motion for leave to proceed *in forma pauperis*. (Doc. 6.) We granted this motion for leave to proceed *in forma pauperis,* (Doc. 6.), but as part of our legally mandated screening process for *pro se, in forma pauperis* complaints we recommended that this constitutional tort claim be dismissed against the institutional defendant, the U.S.P. Canaan kitchen/FBOP. (Doc. 9.) On June 2, 2015, the district court adopted this recommendation, (Doc. 10.), but upon our recommendation, gave Washington 20 days in which to amend his complaint.

This 20-day period has now elapsed without any action on Washington's part to amend his flawed complaint. Accordingly, for the reasons set forth below, it is now recommended that this case be dismissed with prejudice.

**II.     Discussion**

**This Complaint Should Now Be Dismissed With Prejudice**

While our initial screening analysis called for dismissal of this action, the Court provided the plaintiff a final opportunity to further litigate this matter by endeavoring to promptly file a proper amended complaint. Having concluded that this *pro se*

complaint was flawed in profound ways, we followed this course recognizing that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless it is clear that granting further leave to amend would be futile, or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).

Thus, in this case, the plaintiff was given this opportunity to further amend his complaint, but has now forfeited this opportunity through his inaction. In this situation, where a wholly deficient complaint is dismissed without prejudice but the *pro se* plaintiff refuses to timely amend the complaint, it is well within the court's discretion to dismiss the complaint with prejudice given the plaintiff's refusal to comply with court directives. Indeed, the precise course was endorsed by the United States Court of Appeals for the Third Circuit in Pruden v. SCI Camp Hill, 252 F. App'x 436, 438 (3d Cir. 2007). In Pruden, the appellate court addressed how district judges should exercise discretion when a *pro se* plaintiff ignores instructions to amend a complaint. In terms that are equally applicable here the court observed that:

> The District Court dismissed the complaint without prejudice and allowed [the *pro se* plaintiff] twenty days in which to file an amended complaint. [The *pro se* plaintiff] failed to do so. Because [the *pro se* plaintiff] decided not to amend his complaint in accordance with the Federal Rules of Civil Procedure, we conclude that the District Court

did not abuse its discretion when it dismissed [the *pro se* plaintiff's] complaint with prejudice. See In re Westinghouse Securities Litigation, 90 F.3d 696, 704 (3d Cir.1996).  The District Court expressly warned [the *pro se* plaintiff] that the failure to amend his complaint would result in dismissal of the action with prejudice. "[I]t is difficult to conceive of what other course the court could have followed." Id. (quoting Spain v. Gallegos, 26 F.3d 439, 455 (3d Cir.1994)).

Pruden v. SCI Camp Hill, 252 F. App'x 436, 438 (3d Cir. 2007).  See Jacobs v. Dist. Attorney's Office, No. 1:CV-10-2622, 2014 WL 3881534, at *7 (M.D. Pa. Aug. 7, 2014)(Kane, J.)  Therefore, it is recommended that the complaint be dismissed with prejudice as frivolous for failure to state a claim without further leave to amend.

### III.  **Recommendation**

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's complaint be dismissed with prejudice as frivolous for failure to state a claim and this case be closed.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed

findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 13th day of July 2015.

>*S/Martin C. Carlson*
> Martin C. Carlson
> United States Magistrate Judge